**The STATE of Ohio**

**v.**

**KOEHLER**█

Perry County Court of Ohio.

No. TRC 9903587.

Decided June 8, 2000.

*Mark J. Howdyshell,* Assistant Perry County Prosecuting Attorney, for the state.

*Mark W. Stubbins,* for defendant.

DEAN L. WILSON, Judge.

Defendant, Benjamin R. Koehler is charged with driving under the influence of alcohol, R.C. 4511.19, and failure to control, R.C. 4511.202. This matter came before the court for hearing on April 14, 2000, upon the defendant's motion to suppress filed with the court on March 6, 2000.

The present facts indicate that Ohio State Highway Patrol Trooper Root obtained a urine sample from the defendant on December 23, 1999, at 10:35 p.m. The trooper testified that he placed the kit containing the urine sample in the United States mail after midnight on December 23, 1999, in Pataskala, Ohio, at the post office on his way home following his shift. However, the sample was not refrigerated until after it arrived at the State Highway Patrol Crime Lab on January 12, 2000, at 11:00 a.m.

The court is asked to determine whether there was substantial compliance with the requirements of Ohio Adm.Code 3701–53–05(F), which provides, "While not in transit or under examination, all urine and blood specimens *shall* be refrigerated." (Emphasis added.)

The refrigeration requirement is mandated in order to preserve the integrity of the sample prior to testing. The present case presents the court with the question whether a delay of eighteen days from the time that the sample was collected until it was received by the laboratory constitutes substantial compliance with the provisions of the Ohio Administrative Code.

The Fifth District has most recently addressed this issue in *State v. Cook* (Aug. 3, 1992), Stark App. No. CA–8708, unreported 1992 WL 195440, in which it ruled that a delay of four days over a Memorial Day weekend did constitute substantial compliance with the provisions of the Administrative Code. Nonetheless, a period of eighteen days in transit in the United States Postal Service brings to issue the very credibility of the test result due to the lack of proper refrigeration during this extended period of transportation.

The court finds that eighteen days does not constitute a reasonable period of time in which to comply with the Ohio Administrative Code, particularly in light

of the fact that the distance from which the sample was mailed in Pataskala to the state laboratory in Columbus constitutes a distance of no more than thirty miles. This undue delay calls to issue the reliability of the sample taken and the results that have been certified by the laboratory. Therefore, the defendant's motion to suppress is granted.

*Motion granted.*